IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL LYNN MARK,<br>TDCJ-CID NO. 1064829,<br><br>          Petitioner,<br><br>v.<br><br>DOUGLAS DRETKE, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br><br>          Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§     CIVIL ACTION NO. H-05-2546<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Michael Lynn Mark, proceeding pro se, has filed a petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) under 28 U.S.C. § 2254 challenging his conviction.  Pending before the court are Mark's Memorandum in Support of the Petition for Writ of Habeas Corpus ("Mark's Memo to Support Writ") (Docket Entry No. 2), Respondent Dretke's Motion for Summary Judgement with Brief in Support (Docket Entry No. 14), and Mark's Motion to Oppose Respondent's Motion for Summary Judgment with Brief in Support ("Mark's Motion to Oppose") (Docket Entry No. 15).  For the reasons discussed below, the court will grant Respondent's Motion for Summary Judgment and deny Mark's petition for a Writ of Habeas Corpus.

## I.  <u>Procedural History and Claims</u>

Mark was charged with aggravated sexual assault of a child in two separate indictments on December 1, 1999.  <u>Ex parte Mark</u>, Application No. 58,889-01 at p. 69; <u>Ex parte Mark</u>, Application No. 58,889-02, at p. 71.  The court granted the State's Motion to Consolidate Prosecutions on August 10, 2001.  (I C.R. at 22, 24) Mark was convicted in the 208th District Court of Harris County, Texas, on two counts of aggravated sexual assault of a child on October 2, 2001.  <u>Ex parte Mark</u>, Application No. 58,889-02, at pp. 78-80.  The jury assessed punishment of fifteen years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") for each count of aggravated sexual assault of a child.  <u>Id.</u>  The Court of Appeals affirmed the convictions on July 31, 2003.  <u>Mark v. State</u>, Nos. 14-01-01137-CR and 14-01-01138 (Tex. App. -- Houston [14th Dist.] 2003, pet. ref'd); <u>Ex parte Mark</u>, Application No. 58,889-01, at p. 51.  Mark's petition for discretionary review ("PDR") was refused on June 11, 2003.  <u>Mark v. State</u>, CCRA No. 504-03 (Tex. Crim. App. 2003).  Mark challenged his convictions in two applications for a state writ of habeas corpus filed February 19, 2004, both claiming that he was denied a fair trial, that the trial court denied him effective assistance of counsel, that the state used perjured testimony, prosecutorial misconduct and false claims of testimony during closing arguments, ineffective assistance of

counsel, and insufficient evidence.  <u>Ex parte Mark</u>, Application No. 58,889-01, at pp. 2, 7-8; <u>Ex parte Mark</u>, Application No. 58,889-02, at pp. 2, 7-8.  On April 6, 2005, the Texas Court of Criminal Appeals denied Mark's applications without written order on the findings of the trial court and without a hearing.  <u>Id.</u> at covers.

Mark alleges in his application for a writ of habeas corpus, as he did in his state writ of habeas corpus,

(1) Insufficient evidence in that

    a.   the claimant denied accusations of the indictment, but changed her testimony after coercive leading;

    b.   the state knowingly used perjured testimony; and

(2) Trial court's abuse of discretion in denying a fair trial by

    a.   failing to address motion and complaints made in court of counsel's ineffective assistance of counsel;

    b.   allowing extraneous offenses without proof;

    c.   limiting cross-examination;

    d.   denying the jury's request to review exhibits and disputed testimony; and

(3) Prosecutorial misconduct through false accusations of testimony during closing arguments; and

(4) Ineffective assistance of counsel during the trial in that his counsel

    a.   failed to investigate facts;

    b.   failed to properly challenge extraneous offenses;

    c.   failed to attack or impeach perjury and credibility;

       d.    failed to make objections to prosecutor's leading questions and false testimony; and

(5)   Ineffective assistance of appellate counsel in that counsel

       a.    failed to file a motion for a new trial; and

       b.    failed to raise meritorious claims.

The state has moved for summary judgment arguing that Mark has failed to meet his burden of proof under the AEDPA and that Mark's claims fail on the merits or are procedurally barred.

Jurisdiction is proper either in the district where the person is in custody or the district in which the state court convicted and sentenced the petitioner. 28 U.S.C. § 2241(d). Because Mark was convicted and sentenced in Harris County, Texas, jurisdiction properly lies with this court.

## II.  <u>Standard of Review</u>

### A.  Summary Judgment

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

The moving party for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial.  Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998).  If the non-movant is unable to meet this burden, the motion for summary judgment will be granted.  Fed. R. Civ. P. 56(c).  When considering a summary judgment motion the court resolves any doubts and draws any inferences in favor of the nonmoving party.  Hunt v. Cromartie, 119 S. Ct. 1545, 1551-52 (1999).

In reviewing a habeas case the court should construe liberally the petitions of prisoners seeking relief.  See Haines v. Kerner, 92 S. Ct. 594 (1972) (per curiam).  Procedural rules must give way at times because of the "unique circumstances of incarceration." McNeil v. United States, 113 S. Ct. 1980, 1984 (1993) (citing Houston v. Lack, 108 S. Ct. 2379 (1988)).  Overall, the court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers."  Haines, 92 S. Ct. at 596.

**B.   AEDPA**

Mark filed his 28 U.S.C. § 2254 petition for a federal writ of habeas corpus on July 22, 2005.  (Docket Entry No. 1)  Mark's petition is therefore subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which apply to those

habeas corpus cases filed after its effective date of April 24, 1996.  28 U.S.C. § 2254.  <u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2063 (1997).

The provisions of section 2254(d) set forth "a highly deferential standard for evaluating state-court rulings," which demands that state court decisions be given the benefit of the doubt.  <u>Woodford v. Visciotti</u>, 123 S. Ct. 357, 360 (2002) (quoting <u>Lindh</u>, 117 S. Ct. at 2066).  A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court decision

    (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Mixed questions of law and fact are reviewed under subsection (d)(1) of § 2254.  <u>See</u> <u>Drinkard v. Johnson</u>, 97 F.3d 751, 767-68 (5th Cir. 1996), overruled on other grounds by <u>Lindh</u>, 117 S. Ct. at 2063 (1997).

A state court's legal determination is contrary to the established precedent of [the Supreme] Court only where "the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts."  <u>Chambers v. Johnson</u>, 218 F.3d 360, 363 (5th Cir. 2000) (quoting <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1523 (2000)).

A writ of habeas corpus will issue based on an unreasonable application of federal law only if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Williams, 120 S. Ct. at 1523.

In reviewing a federal habeas petition of a person in state custody, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## III.  Analysis

### A.  Insufficient Evidence

Mark alleges the evidence is not sufficient to support the jury's findings of guilt, arguing that the prosecutor knowingly used perjured testimony, and that the complainant denied the accusations of the indictment but changed her testimony after coercive leading.  Petition at p. 7.

Mark challenged the sufficiency of the evidence on direct appeal.  In rejecting the claim, the Texas Court of Appeals found the evidence sufficient to support the conviction.  If a state appellate court reviews the sufficiency of the evidence, that court's opinion is entitled to great deference.  Callins v. Collins, 998 F.2d 269, 276 (5th Cir. 1993) (citing Parker v. Procunier, 763 F.2d 665, 666 (5th Cir. 1985)).

-7-

A federal court may review a claim that the evidence at a state trial was not sufficient to convict a defendant beyond a reasonable doubt. Herrera, 113 S. Ct. at 861 (citing Jackson v. Virginia, 99 S. Ct. 2781, 2789 (1979)). "[T]his inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Id. Instead, the relevant question is whether, in viewing the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." Dupuy v. Cain, 201 F.3d 582, 589 (5th Cir. 2000) (quoting Jackson, 99 S. Ct. at 2789).

Perjury consists of false testimony concerning a legal matter, "given with the willful intent to deceive (rather than the result of say, confusion, mistake, or faulty memory)." United States v. Dunnigan, 113 S. Ct. 1111, 1116 (1993). See also 18 U.S.C. § 1621(1). "A state denies a criminal defendant due process when it knowingly uses perjured testimony at trial or allows untrue testimony to go uncorrected." Goodwin v. Johnson, 132 F.3d 162, 185 (5th Cir. 1997) (citing Napue v. Illinois, 79 S. Ct. 1173, 1177 (1959)). To obtain a reversal based upon a prosecutor's use of perjured testimony or failure to correct such testimony, a habeas petitioner must show that "(1) the statements were actually false; (2) the state knew they were false; and (3) the statements were

material, <u>i.e.</u>, a highly significant factor reasonably likely to have affected the jury's verdict." <u>Blackmon v. Scott</u>, 22 F.3d 560, 565 (5th Cir. 1994) (citing <u>United States v. Blackburn</u>, 9 F.3d 353 (5th Cir. 1993)).

Mark claims "aggravated perjury" by the child, her mother, and the police deputy by pointing out inconsistent and contradicting statements. Mark's Memo to Support Writ at pp. 4-6. He claims that Maurice Lacy, complainant's cousin, "states the outcry came after school, at 5005 Aldine Mail Rte. apartments, around April 28, 2000, giving a detailed account at the apartments." <u>Id.</u> He claims that complainant's "mom confirms April 28, 2000 as the night the claimant had watched a film at school prompting the outcry, and the night she called and was visited by police at her new home, not at the apartments, or after school as alleged by her nephew, M. Lacy, who describe[d] mom upstairs in apartment." <u>Id.</u> He also claims that "Deputy K. R. Rapsilver confirme[d] his police report of April 12th (not 28th) [that] he was called around 4:00pm (not night) and talked to the mom alleging the outcry. Rapsilver first confirms his report of being called to 6207 Roughlock and later states it was 5005 Aldine Mail Rte. <u>Id.</u> He contend[ed] this to be the beginning stages of fabricating a story, and are not mere inconsistencies, but rather aggravated perjury had been committed." <u>Id.</u> However, contradictions and changes in a witness's testimony alone do not create perjury, let alone prove that the prosecution

knowingly presented perjured testimony.  <u>Kutnzer v. Johnson</u>, 242 F.3d 605, 609 (5th Cir. 2001) ("Conflicting or inconsistent testimony is insufficient to establish perjury."); <u>United States v. Holladay</u>, 566 F.2d 1018, 1019 (5th Cir. 1978) ("Presentation of a witness who recants or contradicts his prior testimony is not to be confused with eliciting perjury.").

Mark has not put forth anything other than his bald assertions to show that the testimony by the witnesses was false.  He claims that the perjury was an "obvious deception," used by the prosecutor, but puts forth no evidence to show that the prosecutor was aware that the testimony was false.  Mark's Memo to Support Writ at p. 6.  Mark therefore fails in his claim.

Mark also claims the complainant denied the accusations of the indictment, yet changed her testimony after "coercive leading," denying him a fair trial.  Petition at p. 7; Mark's Memo to Support Writ at pp. 2-4.  Judges can exercise their discretion and allow leading questions if the witness is very young.  <u>Rotolo v. United States</u>, 404 F.2d 316, 317 (5th Cir. 1968) (Permitting leading questions to be put to fifteen-year-old minor in prostitution case was a proper exercise of discretion).  <u>See also</u> <u>Uhl v. State</u>, 479 S.W.2d 55, 57 (Tex. Crim. App. 1972) ("The asking of leading questions is seldom a ground for reversal (especially where a child is testifying).").  Since the complainant was ten years old and testifying in an aggravated sexual assault case, the

trial court properly exercised its discretion in allowing the state to ask the witness leading questions.

**B.   Trial Court's Abuse of Discretion**

Mark claims the trial court abused its discretion in denying a fair trial by (1) failing to address a motion and complaints made in court of ineffective assistance of counsel, (2) allowing extraneous offenses without proof, (3) limiting cross-examination, and (4) denying the jury's request to review exhibits and disputed testimony.  Petition at p. 7.

On direct appeal Mark claimed the trial court abused its discretion and denied him a fair trial in failing to address his motion to dismiss his court-appointed counsel due to ineffectiveness.  The Court of Appeals found that Mark's pretrial and post-trial motions to dismiss regarding his trial counsel were not accompanied by an affidavit in support of his motion, specific evidence or argument to support counsel's dismissal, were not properly presented at trial, and were not accompanied by a request for a hearing.  Ex parte Mark, Application No. 58,889-02, at pp. 55-56.  The court stated that "the motion for new trial was overruled by operation of law." Id. at 55.  A trial court is not obliged to sua sponte conduct an evidentiary hearing under these circumstances.  United States v. Garza, 429 F.3d 165, 172 (5th Cir. 2005).

Mark's failure to develop facts in the state court precludes any further development unless the petition has a strong showing of actual innocence or relies on a "new rule" made applicable to cases on collateral review.  Williams v. Taylor, 120 S. Ct. 1479, 1486-87 (2000).  Neither exception applies, and Mark's claim fails.

Mark also claims that the trial court failed to acknowledge his complaints made in court of ineffective assistance of counsel. He claims that he "stood to explain to the judge and jury that [his] counsel had failed to present motives and reasons [his] accusers would have to lie.  At that time, deputies took [him] to the floor, handcuffed [him], and dragged him from the court room, clearly inflaming the jury."[1]  Mark's Memo to Support Writ at p. 7. The judge ordered the jury to retire to the jury room.  Mark then said he wanted to file a motion to dismiss his court-appointed attorney.

> Mr. Mark:  I want to file a motion to dismiss my court-appointed attorney.

---

[1]Mark's trial counsel requested a record of the disturbance and relayed the events to the reporter shortly after the jury announced its verdict.  "At the end of the State's jury argument and in front of the jury, the petitioner jumped up and started waving his notes.  First, he attempted to address the court and commented to the judge, and said [that counsel] had failed to give motive evidence in front of the jury.  The defendant was physically wrestled to the ground by two deputies and cuffed.  He was yelling at this time that [counsel] failed him as a lawyer.  A wrestling match took place and then he was subdued and removed from the courtroom."  The prosecution added that the jury still deliberated for two-and-a-half hours before giving its verdict.  (IV R.R. at 51-52)

| | |
|---|---|
| The Court: | Mr. Mark, we're not going to have a repeat of that explosion. We're not going to have that. |
| Mr. Mark: | May I say something, Your Honor? |
| The Court: | At this time, no. We're not going to have a repeat of that. If there is anything, any violation of the Court's decorum, you will not be permitted to be in the courtroom pending the outcome of the case however it comes to an end. You have to behave yourself. |
| Mr. Mark: | I'm not being represented. |
| The Court: | I am telling you, sir, that you are not to speak. |
| Mr. Mark: | Take me to the back. |

(IV R.R. at 48, 51-52)

After reading through the record, the court finds nothing in it to indicate that the state court made an incorrect determination in denying Mark relief on his claim of abuse of discretion in failing to address his motion and open-court statement. This claim therefore lacks merit.

Mark also claims that the trial court erred in admitting evidence of an extraneous offense and that it was harmful. Mark's Memo to Support Writ at p. 7; Mark's Motion to Oppose at p. 5. Mark appears to be claiming that the trial court should not have admitted testimony from the complainant's mother about Mark's assaulting her because it had not been sufficiently proved to have actually occurred. Mark's Memo to Support Writ at p. 7. The Court of Appeals ruled that the extraneous offense evidence was relevant

to explain that the complainant did not report the assaults earlier because she was afraid of Mark.  Ex parte Mark, Application No. 58,889-02, at p. 61.  Furthermore, it overruled petitioner's point of error and decided that "because the assault in question [of the complainant's mother] was not a sexual assault and did not involve a young victim, the jury was less likely to use the evidence as propensity evidence.  The jury was also given a limiting instruction at the close of evidence, and the testimony occupies less than three pages in the transcript of a two day trial."  Id. at 62.

A state court's interpretation of state law is subject to federal habeas review only if it is erroneous and so infuses the trial with unfairness as to deny due process of law.  Estelle v. McGuire, 112 S. Ct. 475, 480 (1991).  "Thus we do not sit as a super state supreme court to review error under state law." Matthesen v. King, 751 F.2d 1432, 1445 (quoting Skillern v. Estelle, 720 F.2d 839, 852 (5th Cir. 1983).  Because Mark has not shown that the evidence was improperly admitted, this claim lacks merit.

Mark next claims that the trial court denied him due process by limiting cross-examination and denying the jury's request to review exhibits and disputed testimony.  These claims are procedurally barred from federal review.  Under the procedural default doctrine, a habeas claim is procedurally defaulted and

barred from federal review when "a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997); see also Coleman v. Thompson, 111 S. Ct. 2546, 2554 (1991).

Mark did not raise these claims on direct appeal or in his petition for discretionary review. When Mark raised these claims in his application for a state writ the trial court found that Mark was procedurally defaulted from presenting these claims because he failed to present them in a timely direct appeal. Ex parte Mark, Application No. 58,889-02, at p. 47. The Texas Court of Criminal Appeals denied Mark's applications without written order and without a hearing. Id. at covers. If a lower state court procedurally defaulted a claim and the state appellate court denied relief without written order (thus without affirming or rejecting the lower court's procedural ruling), a federal court reviewing habeas petitions must presume that the state appellate court adopted the lower court's procedural ruling. Ylst v. Nunnemaker, 111 S. Ct. 2590, 2591 (1991). Since Mark did not raise these claims on direct appeal, his claims are procedurally barred.

## C.   Prosecutorial Misconduct

Mark alleges that the prosecutor engaged in misconduct by using false accusations of testimony during closing arguments.

These claims are procedurally barred from federal review. Under the procedural default doctrine, a habeas claim is procedurally defaulted and barred from federal review when "a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Nobles, 127 F.3d at 420; see also Coleman, 111 S. Ct. at 2554.

Mark did not raise these claims on direct appeal or in his petition for discretionary review. When Mark raised these claims in his application for a state writ of habeas corpus, the trial court found that the applicant was procedurally defaulted from presenting this claim because it was not brought up on direct appeal, and it was not supported by the record in his habeas application. Ex parte Mark, Application No. 58,889-02, at p. 48. The Texas Court of Criminal Appeals adopted the trial court's findings and denied Mark's applications without written order and without a hearing. Id. at covers.

## D.   Ineffective Assistance of Trial Counsel

Mark claims that his trial attorney was ineffective because he (1) failed to investigate facts, (2) failed to properly challenge the admissibility of extraneous offenses, (3) failed to attack or impeach perjury and credibility, and (4) failed to make objections to prosecutor's leading questions and false testimony during closing arguments. Petition at p. 8.

-16-

A defendant asserting ineffective assistance of counsel must prove that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984). The first prong of the test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Under the second prong the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Wilkerson v. Collins, 950 F.2d 1054, 1064 (5th Cir. 1992). If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. Strickland, 104 S. Ct. at 2069.

The petitioner carries the burden of proof in an ineffective assistance of counsel claim. Alexander, 775 F.2d at 602. The petitioner must also overcome a strong presumption that counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy. Wilkerson, 950 F.2d at 1065 (citing Strickland, 104 S. Ct. at 2066).

Mark claims that his counsel was ineffective because he failed to independently investigate the case. Petition at p. 7. Specifically, Mark claims that his counsel refused to "investigate motives and biased reasons [Mark] had given him, as to why accusers would fabricate a story against [petitioner]." Motion to Support Writ at p. 16. Mark claims that the complainant's "vindictive

-17-

mother has filed numerous charges against ex-lovers and boyfriends after failed relationships" and "counsel's actions, or lack thereof, caused [him] to be falsely accused and wrongfully convicted." Id. at 16-17. Because Mark's claims are conclusory allegations without support in the record, they do not show that his counsel was ineffective, "[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in federal and state court), unsupported and unsupportable by anything else in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).

Nor can Mark show trial counsel's performance was prejudicial. Mark claims that evidence his counsel failed to investigate would have shown why complainant brought this case. Mark's Memo to Support Writ at p. 16. However, Mark cannot show prejudice because he has failed to produce actual evidence, other than his allegations, that would have changed the result of his trial.

Mark claims that his counsel was ineffective because he failed to challenge the admissibility of Mark's extraneous offense evidence.[2] A state court's interpretation of state evidentiary law is subject to federal habeas review only if it is erroneous and so infuses the trial with unfairness as to deny due process of law.

---

[2]Mark objects to the extraneous offense evidence on multiple grounds. As discussed above in this Opinion, Mark also asserts a habeas claim based on the trial court's admission of this evidence.

McGuire, 112 S. Ct. at 480.   Mark argues that he received ineffective assistance when his counsel failed to object to testimony of the complainant's mother in which she described assaults during physical altercations with Mark.[3]  On direct appeal the state court of appeals found that the admission of this evidence comported with state evidentiary law and was "relevant to a non-propensity or nonconformity purpose, i.e. why [the complainant] did not make a prompt outcry."  Mark v. State, Nos. 14-01-01137-CR and 14-01-01138-CR at 9-10 (Tex. App. -- Houston [14th Dist.] 2003, pet. ref'd).

Mark's counsel did object to the evidence, but it was overruled by the trial court.  Mark claims the evidence was damaging, but he fails to show how admission of the evidence was a significant factor that was harmful to his case.  Furthermore, Mark fails to make the initial showing that the admission of this evidence was erroneous.

Mark also claims that trial counsel should have impeached the testimony of complainant's mother because her testimony concerning

_____

[3]Trial counsel objected to the admissibility of the extraneous offense evidence; it was overruled.  (III R.R. at 41)  It is the trial court's task to determine whether extraneous offense evidence is relevant for a non-propensity or nonconformity purpose.  Ransom v. State, 920 S.W.2d 288, 300 (Tex. Crim. App. 1994).  Mark claims ineffective assistance of counsel because "counsel objected to the admission of 'extraneous offense' testimony on the ground of irrelevancy only.  Counsel's failure to object properly on the grounds that there was never an offer or showing of proof that [he] had committed such acts allowed for damaging and incriminating acts of violence that never happened."  Mark's Memo to Support Writ at p. 20.

dates of Mark's extraneous offenses and outcry were contradictory and because the "conflicting contradictions" in her testimony "clearly indicate that someone is lying." Mark's Memo to Support Writ at pp. 18-19. Perjury consists of false testimony concerning a legal matter, "given with the willful intent to deceive (rather than the result of say, confusion, mistake, or faulty memory)." Dunnigan, 113 S. Ct. at 1116.

Conflicting or inconsistent testimony is insufficient to establish perjury. Kutnzer, 242 F.3d at 609. Under the Strickland standard Mark fails to show that trial counsel's performance was deficient because he did not object to the testimony. Mark fails to show that the witness actually committed perjury and that the witness could have been impeached based on perjured testimony.

Mark also claims that his counsel was ineffective because during the complainant's testimony, his counsel did not object to the prosecutor's leading questions. However, judges can exercise their discretion and allow leading questions if the witness is very young. Rotolo, 404 F.2d 317. Mark cannot show counsel's performance was deficient because an attorney is not ineffective for failing to object if such an objection would have been futile. Meanes v. Johnson, 138 F.3d 1007, 1012 (5th Cir. 1998). See also Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). The complainant in this case was ten years old, so it is unlikely that the court would have granted the objection.

Furthermore, the trial counsel's decision not to object was a tactical determination that the courts will not second guess. Burnett v. Collins, 982 F.2d 922, 930 (5th Cir. 1993).

The trial court ruled in response to Mark's state habeas application that Mark had not overcome the presumption that defense counsel fell below an objective standard of reasonableness and that but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. Ex parte Mark, Application No. 58,889-02, at p. 47; Application No. 58-889-01, at p. 45. The findings were adopted by the Texas Court of Criminal Appeals. Ex parte Mark at covers. They are entitled to a presumption of correctness unless they are not fairly supported by the record. Self, 973 F.2d at 1204; 28 U.S.C. § 2254(d). The court has examined each of Mark's claims for ineffective assistance of counsel, and they lack merit.

**E.   Ineffective Assistance of Appellate Counsel**

Mark claims ineffective assistance of appellate counsel in that appellate counsel failed to file a motion for a new trial and to raise "meritorious claims." Petition at p. 8.

The trial court ruled on his state writ that Mark had not shown that appellate counsel fell below an objective standard of reasonableness. Ex parte Mark, Application No. 58,889-02, at p. 47. The findings were adopted by the Texas Court of Criminal Appeals. Ex parte Mark at covers. They are entitled to a

presumption of correctness unless they are not fairly supported by the record.  Self, 973 F.2d at 1204; 28 U.S.C. § 2254(d).

When a federal court reviews the effectiveness of appellate counsel it applies the same standard as applied to trial counsel. Hamilton v. McCotter, 772 F.2d 171, 182 (5th Cir. 1985) (citing Strickland 104 S. Ct. at 2064).  Mark claims that his appellate counsel was ineffective for failing to promptly notify Mark of his appointment to the case, leaving him without counsel "during a critical time," forcing Mark to file a motion for a new trial pro se, and for failing to file a motion for a new trial.  Mark's Memo to Support Writ at pp. 24-27.  Mark cannot show that his appellate counsel was deficient because he fails to articulate any issues that would have warranted the granting of a new trial.  Mark's attorney cannot be found to be ineffective when there is no showing that there would have been a basis for a new trial.  United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).  Mark's claim is thus without merit.

Mark also claims that counsel was ineffective for failing to raise the following issues:  (1) the court's refusal of the jury's request to see exhibits and review testimony, (2) the trial court's limiting of cross-examination, (3) the prosecutor's false claims of testimony during closing argument, (4) the State's knowing use of perjury, (5) the prosecutor's leading and suggestive questions, and (6) for failing to properly argue the admissibility of the extraneous offenses.  Mark's Memo to Support Writ at pp. 28-29.

The role of the advocate "requires that he support his client's appeal to the best of his ability. <u>Jones v. Barnes</u>, 103 S. Ct. 3308, 3314 (1983) (quoting <u>Anders v. California</u>, 87 S. Ct. 1396, 1400 (1967)). However, an attorney is not required to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to raise those points. <u>Id.</u> at 3313.

Under the <u>Strickland</u> presumption of adequate assistance Mark has not shown that his appellate counsel's decision to focus on fewer issues was unreasonable or deficient. Mark also cannot show prejudice because he fails to explain how counsel would have been successful in raising the issues on direct appeal. Mark's claim of ineffective assistance of appellate counsel is thus without merit.

Mark has failed to demonstrate that there is a genuine issue of material fact. The court will therefore grant the state's motion for summary judgment and deny Mark's petition for a federal writ of habeas corpus.

## IV.  <u>Certificate of Appealability</u>

Mark has not yet requested a Certificate of Appealability (COA) on the claims denied in this Memorandum Opinion and Order, but the issue of a COA may arise. This court may deny a COA <u>sua</u>

sponte.   See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA Mark must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004).  To make such a showing Mark must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further.  Tennard, 124 S. Ct. at 2569.  For the reasons stated in this Memorandum Opinion and Order, Mark has not made a substantial showing of the denial of a constitutional right.

### V.  Conclusion and Order

For the reasons discussed above, petitioner is not entitled to federal habeas corpus relief.

The court **ORDERS** the following:

1.    Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED.**

2.    Mark's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED.**

3.    Petitioner's Motion to Vacate Sentence (Docket Entry No. 11) is **DENIED.**

4.    A certificate of appealability is **DENIED.**

5.    The Clerk will provide a copy of this Memorandum Opinion and  Order to the petitioner, and will provide a copy of the petition and this Memorandum

-24-

Opinion and Order to the respondent and the
attorney general by providing one copy to
the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this the 30th day of June, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE